UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 23-41 |
| CLEMENT LEACH | SECTION "R" |

## ORDER AND REASONS

Before the Court are Clement Leach's *pro se* motions for a writ of mandamus.[1] For the following reasons, the Court denies Leach's motions.

The government indicted Clement Leach on one count of bank robbery on March 3, 2023.[2] On April 12, 2023, the government moved for a writ of habeas corpus ad prosequendum.[3] The Court issued the writ on April 17, 2023.[4] Leach pled guilty to the charge on January 29, 2025,[5] and was sentenced on July 2, 2025.[6]

Following sentencing, Leach was remanded to federal custody. He has since been transferred back into state custody. The crux of Leach's motions is that he seeks return to state custody. He seeks a writ of mandamus to

---

[1]  R. Docs. 67, 69.
[2]  R. Doc. 1.
[3]  R. Doc. 7.
[4]  R. Doc. 9.
[5]  R. Doc. 50.
[6]  R. Doc. 65.

direct the United States Marshalls to transfer him to either Elayn Hunt Correctional Center, which he states is the intake center for the Louisiana Department of Corrections, or Avoyelles Marksville Detention Center, the institution where he was serving time prior to be transferred to federal custody.

A writ of mandamus is an "extraordinary remedy." *Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 542 (5th Cir. 2001). Mandamus jurisdiction exists only if: (1) the plaintiff has a clear right to the relief; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002). The petitioner must carry the burden of showing that the "right to issuance of the writ is clear and indisputable." *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).

It is for state prison authorities to decide where a state prisoner is to be incarcerated, not the federal courts. *See Olim v. Wakinekona,* 461 U.S. 238, 246 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976). Leach is in state custody. It is up to the Louisiana Department of Corrections ("DOC") to determine where Leach will serve his state sentence. Further, the Federal Bureau of Prisons ("BOP"), not this Court, will determine where his federal sentence will be served. *See United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993).

2

Leach has no "clear right" to this Court's ordering DOC or BOP to relocate him. For this reason, the Court denies the motions for writ of mandamus.

For the foregoing reasons, Leach's motions for a writ of mandamus are DENIED.

New Orleans, Louisiana, this __15th__ day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE